UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY, as Subrogee for Gricela
Vilar, as Personal Representative of
Camille Celina Vilar,

                    Plaintiff,

-vs-                                                      Case No.  6:06-cv-1567-Orl-19UAM

T.C.F  EQUIPMENT FINANCE INC.,
THE ROMANO GROUP, d/b/a Father
& Son Moving and Storage, FRANKIE
LEE STEPHENS,

                    Defendants.
_____

# ORDER

This case comes before the Court on the following:

1.      Defendant TCF Equipment Finance, Inc.'s Motion for Summary Judgment and

        Memorandum of Law (Doc. No. 39, filed Oct. 12, 2007)[1];

2.      Defendant TCF Equipment Finance, Inc.'s Notice of Filing (Doc. No. 41, filed Oct.

        18, 2007); and

---

[1]      Plaintiff has not filed a Memorandum in Opposition to Defendant's Motion as allowed by Local Rule 3.01(b).  Failure to oppose a dispositive motion raises an inference that the party does not object to such motion.  *See, e.g., Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005); *see also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.")

3.      Defendant, TCF Leasing, Inc.'s Notice of Filing Supplemental Authority in Support of Motion for Summary Judgment (Doc. No. 44, filed Dec. 14, 2007).

## Background

Defendant TCF Equipment Finance, Inc. ("TCF") moves for summary judgment in the instant case alleging that Plaintiff's claim against it is preempted by the Graves Amendment, codified as 49 U.S.C. Section 30106, because Plaintiff's claim is premised upon allegations of vicarious liability for an automobile accident of a vehicle TCF leased to The Romano Group.  (Doc. No. 39).

On August 13, 2004, a moving van operated by Frankie Lee Stephens, an employee of the Romano Group ("Romano"), collided with the car in which Camille Vilar was a passenger. (Doc. No. 2, ¶¶ 13-16,18;  Doc. No. 39, pp.1-2).  Camille Vilar was killed a result of the accident.  (Doc. No. 2, ¶ 16, Doc. No. 39, p. 2).   TCF is a corporation that leases transportation equipment.  (Doc. No. 41, ¶ 1).  On October 15, 2002, TCF leased the van involved in the accident to Romano for a term of sixty-one months.  (*Id.* at ¶ 3).

In December 2004, Gricela Vilar, mother of Camille Vilar, brought a wrongful death claim against Romano and TCF in Florida  state court.  (Doc. No. 39-2).  Later that month, Plaintiff Liberty Mutual Insurance Company, the Vilar's automobile insurer, allegedly paid Gricela Vilar $100,000 for her wrongful death claim. (Doc. No. 2, ¶ 9; Doc. No. 39-5, pp. 72-74).  In exchange for the payment, Gricela Vilar assigned Liberty Mutual her rights to recover money paid under her insurance policy.  (Doc. No. 2, ¶ 10; *see also* Doc. No. 39-5, pp. 72-74).

On August 2, 2006, Plaintiff Liberty Mutual, as Subrogee for Gricela Vilar, filed the underlying Complaint in state court.[2]  (Doc. No. 2).  TCF removed the case to this Court.  (Doc. No. 1).  Liberty Mutual's Complaint alleges that TCF owned the van that Stephens operated negligently. (Doc. No. 2, ¶ 18).  By consenting to Stephen's use of the van, TCF had a nondeligible duty to ensure that he operated the vehicle with reasonable care.  (*Id.* at ¶¶ 19-20).  Liberty Mutual contends that TCF's breach of this duty was the proximate cause of Camille Vilar's death and seeks to recover the $100,000 it paid to Gricela Vilar.  (*Id.* at ¶¶ 21-22).

## **Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.  The moving party has the burden of proving that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party.  *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties.  *See Hairston v.*

---

[2]        As a subrogee under Florida law, Liberty Mutual has all of the rights of Vilar, but also suffers all of the liabilities to which Vilar would be subject.  *Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1270 n. 13 (11th Cir. 2003).  Thus, Liberty Mutual's status as a subrogee does not affect the Court's legal analysis.

*Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993).  If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment.  *Id.*

## Analysis

Florida's dangerous instrumentality doctrine allows a plaintiff to hold a lessor of a vehicle vicariously liable for the negligent operation of the vehicle by a lessee or an agent of the lessee. *Susco Car Rental Sys. of Fla. v. Leonard*, 112 So. 2d 832, 835-836 (Fla. 1959).  However, Florida's Long Term Lessor Statute exempts long term lessors from vicarious liability claims if certain conditions are met.    Fla. Stat. § 324.021(9)(b)(1).    The Long Term Lessor state specifically provides that:

> The lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability or not less than $500,000 combined property damage liability and bodily injury liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this subparagraph shall be applicable so long as the insurance meeting these requirements is in effect. The insurance meeting such requirements may be obtained by the lessor or lessee, provided, if such insurance is obtained by the lessor, the combined coverage for bodily injury liability and property damage liability shall contain limits of not less than $1 million and may be provided by a lessor's blanket policy.

*Id.*

On August 10, 2005, Congress enacted the Graves Amendment.[3]  49 U.S.C. § 30106.  The

Graves Amendment applies to "any action commenced" after August 10, 2005 and provides:

> (a) In general.--An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).
>
> (b) Financial responsibility laws.--Nothing in this section supersedes the law of any State or political subdivision thereof--
>> (1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
>> (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

---

[3]     The Court notes that one district judge in the Southern District of Florida has held the Graves Amendment unconstitutional in two instances.  *Vanguard Rental Car USA, Inc. v. Drouin*, — F. Supp.2d —, 2007 WL 2915903 (S.D. Fla. 2007); *Vanguard Rental Car USA, Inc. v. Huchon*, No. 06-10082-CIV, 2007 WL 2875388 (S.D. Fla. Sept. 14, 2007).  These decisions are not binding on the Court and directly contradict multiple decisions from this Circuit which hold the Graves Amendment constitutional.  *E.g.*, *Dupois v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 980, 985 (M.D. Fla. 2007); *Garcia v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 821, 837 (M.D. Fla. 2007); *Seymour v. Penske Truck Leasing Co., L.P.*, NO. 407CV015, 2007 WL 2212609, * 2 (S.D. Ga. July 30, 2007).  The constitutionality of the Graves Amended has not been challenged in the instant case.  Moreover, there is ample support for the position that the Graves Amendment is a valid enactment under the Commerce Clause.  *See, e.g.*, *Garcia*, 510 F. Supp.2d at 833-37 (holding the Graves Amendment constitutional under all three prongs of the Commerce Clause).  Because the Court must "invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds," there is no need embark on constitutional analysis for the purposes of deciding the instant motion.  *United States v. Morrison*, 529 U.S. 598, 607 (2000); *see also Valley Forge Christian Coll v. Am. United for the Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982) (courts should refrain from deciding the constitutionality of an act "unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it." (internal quotations omitted)).

49 U.S.C. § 30106.

TCF is a commercial lessor of equipment.  (Doc. No. 41, ¶ 1).  TCF leased the van involved in the accident to Romano in the ordinary of its business.  (*Id.* at ¶ 3).  The lease was in effect when the accident occurred on August 13, 2004.  (*See id.*)  Liberty Mutual's claim against TCF is premised entirely on vicarious liability because it fails to include any allegations of TCF's wrongdoing.  (Doc. No. 1, ¶¶ 17-22).  Moreover, there is no evidence of TCF's wrongdoing in the record.

Liberty Mutual filed the instant case on August 2, 2006, after the Graves Amendment became effective.  (Doc. No. 2).  The Graves Amendment applies to Liberty Mutual's claim regardless of the fact that the accident occurred before its effective date.  49 U.S.C. § 30106(c).  Therefore, the Graves Amendment preempts Liberty Mutual's common law claims of vicarious liability.  *Dupois v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 980, 984 (M.D. Fla. 2007) (holding that Graves Amendment preempts vicarious liability claims against short-term motor vehicle lessors under Florida law); *Garcia v. Vanguard Car Rental USA, Inc.*, 510 F. Supp. 2d 821, 837 (M.D. Fla. 2007) (holding that Graves Amendment preempts all vicarious liability claims against motor vehicle lessors under Florida law); *Kumarsingh v. PV Holding Corp.*, --- So.2d ----, 2007 WL 2847956, *1 (Fla. 3d DCA 2007) (holding that Graves Amendment "abolishes all state vicarious liability laws as they apply to lessors of motor vehicles for causes of action that arose after the effective date of that federal statute."); *accord Merchants Ins. Group v. Mitsubishi Motor Credit Ass'n,* Civil Action No. CV-03-6017 (DGT), 2007 WL 2815744, *3  (E.D.N.Y. Sep 25, 2007) (Graves Amendment preempts claims against motor vehicle lessors  under New York Law); *Seymour v. Penske Truck Leasing Co., L.P.*, NO. 407CV015, 2007 WL 2212609, * 2 (S.D. Ga. July

30, 2007) (Graves Amendment preempts vicarious liability claims against motor vehicle lessors irregardless of what state law is applied); *Johnson v. Agnant*, 480 F. Supp. 2d 1, 3-4 (D.D.C. 2006) (Graves Amendment preempts claims against motor vehicle lessors under the law of any state or political subdivision).

To the extent that Liberty Mutual's claim is premised upon the Long Term Lessor Statute, it is barred because TCF has complied with the specifications of Florida Statutes, Section 324.021(9)(b)(1).[4] TCF is a commercial lessor of equipment, including automobiles. (Doc. No. 41, ¶ 1).  TCF leased the van involved in the accident to Romano for a period of sixty-one months. (*Id.* at ¶ 3). The lease required Romano to maintain liability coverage of $750,000 combined single limit. (*Id.*)  Additionally, on the date of the accident TCF had a blanket insurance policy from Lincoln General Insurance Company that complied with the specifications of Florida Statutes Section 324.021(9)(b)(1).  (Doc. No. 39-5, pp. 8, 13, 60; *see also* Doc. No. 41, ¶¶ 4-6).  Therefore, TCF cannot be considered the owner of the van at issue and cannot be held vicariously liable.  Fla. Stat. § 324.021(9)(b)(1); *Ady v. Am. Honda Fin. Corp.*, 675 So.2d 577, 581 (Fla. 1996) (insurance policy that complies with Fla. Stat. § 324.021(9)(b)(1) excepts long-term lessor from vicarious liability).

## Conclusion

Based on the foregoing, the Court finds that  Liberty Mutual cannot assert a vicarious liability claim against TCF under Florida law.   The Court **GRANTS** TCF's Motion for Summary

---

[4]     Because TCF has complied with the requirements of the Long Term Lessor Statute, the Court will not address whether the statute is preempted by the Graves Amendment.  *Cf. BellSouth Telecomms., Inc. v. Town of Palm Beach,* 252 F.3d 1169, 1176 (11th Cir. 2001) (reasoning that "federal preemption of a state or local law is premised on the Supremacy Clause of the United States Constitution, . . . and . . . federal courts should avoid reaching constitutional questions if there are other grounds upon which a case can be decided . . ." and deciding question of state law preemption before federal preemption. (internal citations omitted)).

Judgment (Doc. No. 39).  The Clerk of Court shall enter **JUDGMENT FOR DEFENDANT** and close the file.

  **DONE** and **ORDERED** in Chambers in Orlando, Florida on December 19, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

-8-